**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:26-CR-90-GBW |
| | ) | |
| ERNEST FLORES-TAPIA | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Despite a previous rape and conspiracy to kidnap conviction, which resulted in significant incarceration, Defendant, Ernest Flores-Tapia, illegally returned to the United States. The United States Probation Office has calculated an advisory Guidelines range of 21-27 months. The government respectfully submits that a 27-month sentence is sufficient, but not greater than necessary, to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).[1]

## Background

### I. Procedural History

On March 5, 2026, a Deportation Officer filed a criminal complaint in United States District Court, District of Delaware, which charged Defendant with illegal reentry after removal, in violation of 8 U.S.C. § 1326(a) and (b)(1). Presentence Report (PSR) ¶ 2.

On June 11, 2026, the United States Attorney for the District of Delaware filed a single-count Felony Information, charging Defendant with Illegal Reentry After

[1] As is standard practice in this District, the government is submitting a sealed Attachment A to this Sentencing Memorandum.

Removal, in violation of 8 U.S.C. § 1326(a) and (b)(1). PSR ¶ 5. On July 2, 2026, a change of plea hearing was held before United States District Judge Gregory B. Williams, during which Defendant pled guilty to Count One of the Felony Information. PSR ¶ 6.

## II. Offense Conduct

On February 2, 2026, Delaware State Police arrested Defendant after an alleged domestic violence incident. PSR ¶ 13. As part of the arrest process, his fingerprints were submitted to the Integrated Automated Fingerprint Identification System. *Id.* ICE's Pacific Enforcement Response Center reviewed the fingerprints and related records, confirming that Defendant is a Mexican national, and notified ICE's Dover office of his arrest. *Id.*

On February 3, 2026, ICE Dover reviewed the notification and conducted its own fingerprint analysis through DHS and ICE databases. PSR ¶ 14. The fingerprints matched an A-File and an FBI number, which identified the Defendant. *Id.*

Immigration records show that the Defendant is a citizen of Mexico. PSR ¶ 15. In 2007, he was convicted in Chester County, Pennsylvania, of rape and criminal conspiracy. *Id.* While incarcerated in Pennsylvania, ICE determined that he had entered the United States without being admitted, inspected, or paroled by an immigration officer. *Id.* He was subsequently placed in removal proceedings, ordered removed by an immigration judge on December 9, 2009, and physically removed to Mexico on March 24, 2014. *Id.*

After being removed, Defendant was required to obtain advance permission from the United States before seeking reentry. PSR ¶ 16. Immigration records contain no evidence that he applied for or received permission to reapply for admission or otherwise lawfully reenter the United States. *Id.*

## Argument

### I. A 27-month sentence is sufficient, but not greater than necessary, to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The factors under 18 U.S.C. § 3553(a) support a sentence of 27 months' imprisonment, at the top of the advisory Guidelines range. A sentence of 13 months, as the defense requests, would give insufficient weight to the defendant's criminal history, the seriousness of his unlawful return following removal, and the need for deterrence.

#### A. Nature and Circumstances and History and Characteristics

The defendant stands convicted of illegally reentering the United States after convictions for kidnapping and rape in Pennsylvania. In 2006, the defendant and another man abducted a woman from the street, forced her into a vehicle, and raped her. PSR ¶ 36-39. They then threatened the victim to discourage her from reporting the crimes. *Id.* The defendant was convicted of both conspiracy to kidnap and rape and ultimately sentenced to six to twelve years' imprisonment. *Id.* Following his incarceration, he was removed from the United States. *Id.* He nevertheless returned without authorization. *Id.*

While the defense devotes little attention to these convictions, they warrant serious consideration. The defendant and another man forcibly abducted a woman,

sexually assaulted her, and then threatened her to prevent her from seeking help. The conduct involved terrifying violence, coercion, and intimidation.

Although the defendant acquired the singular prior conviction, the seriousness of that conduct cannot be measured by simply counting convictions. A criminal history consisting of one kidnapping and rape is materially different from a criminal history consisting of a single nonviolent offense. Both may produce a limited number of criminal history entries, but they do not present the same circumstances for sentencing.

Moreover, the passage of time, while relevant, does not erase the underlying conduct or diminish its importance in assessing the defendant's history. Nor does the absence of additional significant convictions establish that his criminal history warrants the substantial downward variance he seeks.

**B. Seriousness of the Offense, Respect for the Law, and Just Punishment**

Defendant's illegal reentry must be considered in the context of his prior removal. He was convicted of kidnapping and rape, served a substantial prison sentence, and was removed from the country. Despite that removal, he returned to the United States without authorization.

Defendant's request for 13 months would reduce his sentence substantially below the advisory Guidelines range. That request gives insufficient weight to his history and the circumstances. A sentence at the top of the range appropriately reflects the seriousness of his unlawful return, promotes respect for the law, and provides just punishment.

### C. Deterrence

Specific deterrence is always an important consideration. Defendant's subsequent unlawful return demonstrates that the prior removal did not deter him from reentering. A sentence of 27 months would communicate the consequences of violating federal immigration law after removal. Simply put, a 13-month sentence provides Defendant no deterrence to not return to the United States despite his serious criminal history.

Finally, general deterrence also supports a sentence within the advisory range. Federal law prohibits reentry following removal without the required authorization. A meaningful custodial sentence reinforces that prohibition, particularly where a defendant's prior removal followed convictions for serious violent offenses.

## II. The § 3553(a) factors also support a 1-year term of supervised release.

Following the 2025 Amendments to the Sentencing Guidelines, sentencing courts are now directed to conduct an "individualized assessment" when deciding whether to impose supervise release, and how long a term to impose. *See* U.S.S.G. §§ 5D1.1, 5D1.2. The guideline commentary, consistent with 18 U.S.C. § 3583(c), provides that the "individualized assessment" should rest on consideration of the same sentencing factors under 18 U.S.C. § 3553(a) that are considered with respect to a term of imprisonment, with the exception of §§ 3553(a)(2)(A) (the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and 3553(a)(3) ("the kinds of sentences available"), which do not apply with regard to supervised release decisions. Courts

are directed to state in open court their reasons for the supervised-release term and the conditions imposed on a defendant. *See e.g.*, U.S.S.G. §§ 5D1.1(d), 5D1.2(b).

Here, a 1-year term of supervised release is warranted.

**Conclusion**

For the foregoing reasons, the government recommends that the Court impose a sentence of 27 months of imprisonment, 1 year of supervised release, and a $100 special assessment.

Respectfully submitted,

Benjamin L. Wallace
United States Attorney

By: */s/ Kevin P. Pierce*
Kevin P. Pierce
Assistant United States Attorney

Date: November 5, 2026.